UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
MANNY PASTREICH, AS TRUSTEE, AND THE TRUSTEES
OF THE BUILDING SERVICE 32BJ HEALTH FUND,

                                                                                                                23-cv-577

                                               Plaintiffs,

     -against-

                                                                                          COMPLAINT

EAT'N PARK HOSPITALITY GROUP, INC.,
and PARKHURST DINING A DIVISION OF
EAT'N PARK HOSPITALITY GROUP, INC.,

                                              Defendants.
------------------------------------------------------------------------------X

       Manny Pastreich, as Trustee, and the Trustees of the Building Service 32BJ Health Fund (the "Fund"), as and for their Complaint against Eat'n Park Hospitality Group, Inc., and Parkhurst Dining a Division of Eat'n Park Hospitality Group, Inc. (jointly referred to as "Defendants"), respectfully allege as follows:

## NATURE OF ACTION

1. This is a civil action pursuant to Section 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. §§185) (hereinafter referred to us the "Taft-Hartley Act"), by the Trustees of an employee health fund, for contractual and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to comply with a payroll compliance audit (the "Audit") initiated by the Plaintiffs for the time period July 1, 2016, through the present. This Complaint alleges that by failing to comply with the Audit, Defendant violated ERISA, their collective bargaining agreement, the Trust Agreement of the Fund, and the Fund's rules.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. §§1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. §185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this District under Section 502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)), as the Fund is administered in this District. Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. §1132(e)(2)).

## PARTIES

4. Manny Pastreich and the other Trustees are trustees of the Fund, a multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2), (3) and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of E.R.I.S.A. (29 U.S.C. §§1002(37) and 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of E.R.I.S.A. (29 U.S.C. §1132(d)(1)). The purpose of the Fund is to, *inter alia*, receive contributions from employers who are parties to collective bargaining agreements (the "Agreement") with the Service Employees International Union, Local 32BJ (the "Union"), to invest and maintain those moneys, and to distribute

health insurance benefits to those employees eligible to receive them. The Trustees, and the Fund, maintain their offices and are administered at 25 West 18th St., New York, New York 10011, in the County of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. §185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. §142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. §1002(4)). The Union maintains its offices and is administered at 25 West 18th St., New York, New York 10011, in the County of New York.

6. Upon information and belief, at all times material hereto Eat'n Park Hospitality Group, Inc. ("Eat'n Park") was and continues to be a Pennsylvania corporation owning and operating a commercial business having a principal place of business at 285 Waterfront Drive East, Homestead, County of Allegheny, Commonwealth of Pennsylvania, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§1002(5) and (1145)), was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. §185).

7. Upon information and belief, at all times material hereto Parkhurst Dining ("Parkhurst") is and was a division of Eat'n Park and was and continues to be a division of a Pennsylvania corporation owning and operating a commercial business having a principal place of business at 285 Waterfront Drive East, Homestead, County of Allegheny, Commonwealth of Pennsylvania, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§1002(5) and (1145)), was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. §185).

8. Based upon the above Parkhurst and Eat'n Park are a single employer and are both bound by the Agreement.

9. Upon information and belief, from *inter alia* July 1, 2016, through the present, Defendants were and are party to an Agreement with the Union. The Agreement covered all employees employed at Duquesne University in Pittsburgh, Pennsylvania by Defendant, excluding supervisors, vending employees, catering employees, office clerical and student part-time employees.

10. Pursuant to Section 11.4 of the Agreement, Defendants agreed to make contributions to the Fund on behalf of all eligible, covered employees, and to comply with the Funds' rules and regulations. Specifically, the Agreement mandates that "[b]y agreeing to make the required payments to the Fund, the Employer hereby adopts and shall be bound by the Agreement and Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of the Fund in connection with the provision and administration of benefits and the collection of contributions…"

11. On a going-forward basis, Defendants, and all other contributing employers, report employees for health insurance benefits, and make the associated contributions, through self-reporting in the Funds' Employer Self Service System ("ESS"). Through ESS, Defendants self-identify which employees are eligible for health insurance benefits, and direct the Fund to provide said coverage. ESS then automatically charges the associated contributions consistent with this self-reporting.

12. Since Defendants, as with other contributing employers, owe benefit contributions on behalf of all eligible, covered employees, and not merely those self-identified in ESS, the Fund periodically audits all contributing employers.

13. The Health Fund Trust Agreement mandates that Defendants fully comply with these payroll audits:

> Section 6. <u>Furnishing Requested Information</u>. The Trustees may call upon the Employers and/or the Union to furnish to the Trustees such information and reports as they may require in the performance of their duties under this Trust Agreement and the Employers and/or Union shall furnish the same when so requested. The Trustees or their representatives, duly authorized in writing, shall have the right to audit, examine and make copies of all or any part of the books and records, cash books, ledgers, contracts, tax returns or reports, and any other book or record with the Trustees deem necessary or desirable in connection with the proper administration of the Trust Fund. In any case that arbitration or legal action becomes necessary to enforce an Employer's obligation to submit to an audit or otherwise provide reports or requested information, the Trustees shall also be entitled to recover any and all expenses of that enforcement action, including, but not limited to, audit fees, counsel fees, arbitration costs and fees, and court expenses.

14. The Fund's rules and regulations further mandate that Defendants fully comply with these audits:

> **B.     Employers' duty to cooperate with auditor.** Employers are required, pursuant to the Trust Agreements and their collective bargaining agreements, to cooperate with the Funds' auditor by promptly providing all records that are requested to permit the auditors to make a determination regarding the accuracy, completeness and timeliness of the employer's reports and remittances to the Funds.

15. The Fund commenced an audit of Defendants, through its duly authorized representative Schultheis and Panettieri, LP (the "Auditing Firm") for the time period July 1, 2016 through the present (the "Audit Time Period").

16. As part of the Audit, the Funds/Auditing Firm demanded production of the following records; for the Audit Time Period, complete (for all employees performing work in states that could have a location covered by the Agreement) (1) individual earnings records, (2)

weekly payroll journals, (3) timesheets, (4) quarterly federal and state payroll tax returns, (5) W-2s, (6) 940/941 federal returns, (7) employee roster (showing hire, termination, leave date(s), job description, job location(s), etc.) and (8) general ledger/cash disbursements journal (document(s) contemporaneously kept showing the accounts payable/receivable on a transaction detail level) (collectively the "Audit Documents").

17. Defendants have failed and refused to provide the complete Audit Documents.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

18. The Fund repeats and realleges each allegation set forth in Paragraph nos. 1 through 17 as if fully set forth herein.

19. Pursuant to the Agreement, the Funds demanded production and delivery of the Audit Documents from Defendants.

20. Defendants has failed and refuses to provide the complete Audit Documents.

21. The failure, refusal and/or neglect of Defendants to comply with the Audit constitutes a violation of the Agreement between Defendants and the Union, with respect to the Fund as a third-party beneficiary.

22. Accordingly, Defendants are liable to the Fund for the complete Audit Documents, the Fund's audit fees (those already incurred and those that will be incurred once the Audit Documents are provided), attorney's fees and costs of suit.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## (FUND'S CLAIM FOR BREACH OF ERISA)

23. The Fund repeats and realleges each and every allegation contained in Paragraph nos. 1 through 22 of this Complaint, as if fully set forth herein.

24. Section 515 of ERISA (29 U.S.C. §1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreement.

25. Upon information and belief, at all times material hereto, Defendants failed or refuses to provide the Audit Documents to the Funds/Auditing Firm.

26. Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. §1145), specifically for failure to comply with an audit, the Court shall award to Plaintiff the outstanding records, attorney's fees, audit fees, and court costs.

27. Accordingly, Defendants are liable to the Fund for the provision of the Audit Documents, together with reasonable attorney's fees, audit fees, and court costs.

WHEREFORE, plaintiff Fund demands Judgment:

(a) Against Defendants ordering immediate production and delivery, to the Fund or Auditing Firm, of the Audit Documents;

(b) Against Defendants for the audit fees already incurred by the Fund, and those that will be incurred in performing the Audit once the Audit Documents are provided;

(c) Against Defendants for the Fund's reasonable attorney's fees;

(d) Against Defendants for the Fund's court costs, and

(e) For such other and further relief as the Court deems just and proper.

Dated: January 23, 2023
      Fort Lee, New Jersey

RAAB, STURM & GANCHROW, LLP

By: _____
Samuel R. Bloom (SB1988)
2125 Center Ave., Suite 100
Fort Lee, New Jersey 07024
T: (201) 292-0150

F: (201) 292-0152
sbloom@rsgllp.com